### GEORGE L. MONTAGUE *vs.* THOMAS E. LOBDELL.

In a bill in equity by the assignee of a chose in action, the assignor is a necessary party, if there remains any right or liability in the assignor which may be affected by the decree.

A. B. and C. were jointly interested in the profit and loss of a speculation in real estate, the conveyance of which was by agreement made to A. alone. A. disposed of the property at an advance, receiving in payment to a great extent, notes and mortgages, but not cash. B. conveyed all his interest in the contract to C. and C. brought a bill in his own name against A. for his share of the profits. *Held,* that as there might be a final loss in the transaction, for which B. would still be liable, he must be a party to the bill.

BILL IN EQUITY, filed July 8th, 1851, setting forth that George L. Montague and Wm. H. Montague, having ascertained that a tract of land, with the buildings thereon, situate on Washington street, Boston, was for sale, did, in or about the month of July, 1844, negotiate with said owners for the purchase of said estate, and did agree with them to purchase the same for twelve thousand dollars; that not having sufficient funds for that purpose, said William H. Montague requested said Lobdell to join in said purchase of said estate, and to furnish the funds for that purpose, and that thereupon the said Wm. H. and said Lobdell did purchase said estate of the owners thereof; and that the same was by mutual consent of said William H. and said Lobdell, conveyed to said Lobdell by said owners by deeds in fee, dated July 24th, 1844, and that said Lobdell paid to said owners therefor, three thousand dollars in cash, and gave them his promissory notes for the remaining nine thousand dollars, payable in two years from their date, with interest annually, each for $4500, and secured by mortgages on the same premises: that at the time of said purchase, it was agreed between said Lobdell and said William H. that whatever disposition should be made of said estate, the profit and loss should be divided between them, deducting interest, and that Sidney Bartlett, Esq. should make such papers as might be necessary to carry said agreement into effect: that accordingly said Lobdell addressed this letter to said Bartlett: "The agreement between Mr. Montague and myself is simply this: We have

purchased an estate of F. C. Head and T. Motley, Jr. on Washington street, which has by mutual consent been conveyed to me, I having paid and secured the purchase money. Whatever disposition is made of the property, the profit and loss is to be divided between us, deducting interest. You will please make such papers as is necessary to carry the agreement into effect. August 5th, 1844." The bill also alleged that said George L. Montague was jointly interested with said William H. in said purchase and adventure, and in the proceeds and profits thereof, and that said Lobdell became, by virtue of said original agreement and of said conveyance to him, evidenced by said letter or memorandum signed by him, trustee of said estate, and of the proceeds and profits of said adventure, for the benefit of the said William H. and George L. jointly with himself and equally interested with them therein ; that said William H. subsequently assigned and conveyed to said George L. all his interest in said contract and estate, and in the proceeds and profits thereof, by deed, dated July, 1850 ; that said estate was disposed of by said Lobdell to purchasers by sundry conveyances, and that said Lobdell received from said estate and sales thereof the full amount of all sums paid or advanced by him, and of all costs, disbursements and expenses, with interest, and in addition, within less than six years before the filing of the bill, a large amount of profits ; and that complainant has requested said Lobdell to pay over to him one half of said profits.

The bill contained a prayer for the discovery of the transactions in relation to, connected with and growing out of the purchase of said estate, and the management and sale thereof, and documents and papers relating thereto ; and also a prayer for a decree in favor of the complainant against said Lobdell for one half of said profits.

To this bill the respondent filed a demurrer, on the ground that William H. Montague was not made a party to said bill. There was also a demurrer *ore tenus*, that this was a case of partnership in process of liquidation, and that no prayer of relief is set forth in the bill, and no proper relief prayed for

*S. Bartlett & E. G. Loring*, for the respondent.

*R. Choate & B. F. Brooks*, for the complainant.

THOMAS, J. The bill sets forth that William H. Montague, George L. Montague, and Thomas E. Lobdell were concerned in the purchase of certain real estate on Washington street in the city of Boston; that by agreement of parties the estate was conveyed to said Lobdell, he paying the purchase-money; that Lobdell executed in favor of said Montague a declaration of trust, by which, in substance, it was declared that the profit and loss resulting from the disposition of the property, were to be divided between them. The bill further states that said Lobdell has made advances on the estate beyond the original purchase-money; that he has made sales and conveyances of said estate; that he has received for such sales and conveyances, moneys, notes, and mortgages; and that the amount so received greatly exceeds the original purchase-money, and all costs, expenses, and disbursements in the care and disposition of said estate.

The bill further avers that the complainant was jointly interested with said William H. Montague in the original purchase, and that the said William H. has since assigned and conveyed to the complainant all his interest in said contract and estate, and in the proceeds and profits thereof: that the complainant has requested the said Lobdell to pay over to him one half of the profits.

The bill contains a prayer for the discovery of the transactions in relation to and growing out of the purchase, management, and sale of said estate, and of the papers and documents relating thereto; for an account, and for a decree that the respondent should pay over to the complainant his just and equal share of the profits. But the bill does not aver, and this is most material, in terms or in substance, that the said Lobdell has been reimbursed in cash for the purchase-money, and his advances, costs, and expenses, or that he has on hand net profits in money which he ought to pay over, or divide with the complainant, or that he ever agreed with the complainant or his assignor to receive and account for the notes and mortgages as moneys.

The respondent demurs to this bill, and files as cause of

10 *

demurrer that the said William H. Montague was not made a party thereto.   There is also a demurrer *ore tenus* that this is a case of partnership in process of liquidation, and that no ground of relief is set forth, and no proper relief prayed · for.

The question on the demurrer is, ought William H. Montague, the assignor of the complainant, to have been made a party to this bill ?   The general rule determining who shall be made parties to a bill in equity, is familiar.   The aim of a court of equity is to do complete justice by settling the rights of all persons interested in the subject of the suit, and this for two reasons, to make the performance of the order of the court perfectly safe to those who are compelled to obey it, and to prevent future litigation.   All persons, therefore, materially interested in the object of the suit, are to be made parties to it either as plaintiffs or defendants, that there may be a complete decree, which shall include and bind them all.   It is not necessary in this case to determine whether the assignor of a chose in action is in all cases, and if not in all, in what cases, to be made a party to a bill in equity.

It is plain that the reason stated in 2 Daniel's Chancery Practice, 248, why the assignor of a chose in action should in all cases be made a party, is not applicable to the law as settled in this commonwealth.   Daniel says, that where the subject-matter of litigation is a legal chose in action, which has been the subject of assignment, the assignor, or, if dead, his legal representative, should be a party; for an assignment of a chose in action is not recognized in a court of law, and is only considered good in a court of equity, the recovery in equity by the assignee being no answer to an action at law by the assignor, in whom the legal right to sue still remains. Now, in this commonwealth a court of law takes notice of an equitable assignment; and a payment by the debtor to the assignee would be a good bar to an action at law by the assignor.   So the assignee of a chose in action may avail himself of such assignment under a specification of set-off, or in case he is sought to be charged as trustee under our process of foreign attachment.   See Rev. Sts. *c.* 96, § 5 ;

*c.* 109, § 36. We do not intend, therefore, to recognize or sanction the rule so broadly laid down by Daniel.

We think the rule applicable to this case will be found to be, that where there remains a right or liability in the assignor, which may be affected by the decree, he should be made a party. The rule is more strongly perhaps laid down by Mr. Justice Story, in his treatise on Equity Pleading. He says the true principle would seem to be that in all cases where the assignment is not absolute and unconditional, and the extent and validity of the assignment are not doubted or denied, and there is no remaining liability in the assignor to be affected by the decree, it is not necessary to make the latter a party. But where the assignment is not absolute or unconditional, or the extent or validity of the assignment is disputed or denied, or there are remaining rights or liabilities in the assignor which may be affected by the decree, then he is not only a proper but a necessary party. Story, Eq. Plead. § 153. And the rule laid down in *Trecothick* v. *Austin,* 4 Mason, 44, is substantially the same. There Mr. Justice Story says, "the true principle to be adduced from the cases seems to me to be that the assignor need not be a party where the assignment is absolute and he has no interest, and is not by the nature of the case brought under any *new* liability." The word "new" would seem to be out of place. Comparing this statement of the principle, with later and fuller expressions of his views, it is apparent that Mr. Justice Story means any liability to be affected by the decree.

And there appears to us, to be no conflict in principle between these views and the rule as stated by Mr. Justice Wilde, in *Hobart* v. *Andrews,* 21 Pick. 526. In *Hobart* v. *Andrews,* the bill alleged that the defendant had received of T. H. Carter, certain notes and other property as collateral security for indorsing the paper of Carter, that Carter having become insolvent, assigned all his property in trust for his creditors, to certain assignees, who to close the assignment assigned to Hobart. The prayer was that an account might be taken, and the defendant decreed to pay over what was found due from him, and deliver up the collat-

eral security. There was a demurrer, because, among other grounds, T. H. Carter was not made a party. Mr. Justice Wilde in delivering the judgment of the court, says, we are of opinion that in the present case the assignor ought to be made a party, because it appears by the bill that his liability to the defendant may be affected by the decree. The notes and other property transferred to the defendant by T. H. Carter, were transferred as collateral security, and consequently if they should be found insufficient to satisfy the defendant's claims, Carter would be liable to him for the balance. In which case he ought to be a party, so as to be bound by the decree as to the amount of the notes and property transferred as collateral security. We cannot distinguish this case in principle from the one at bar.

William H. Montague was a partner in the original transaction. He is still equally liable with the defendant for any ultimate loss that may occur. The probability or improbability of loss as a matter of fact, does not affect the principle. It is enough that he is liable, and that he may be affected by the decree, and ought, as well for the protection of the defendant, as to avoid future controversy and litigation, to be bound by such decree, whether such decree be for a sale of the property in the hands of the respondent, or the final settlement of the account which would determine the question of profit or loss in the whole transaction. We have not overlooked the argument so strongly pressed, that this demurrer admits all the facts stated in the bill to be true, and that the assignment must be taken to be absolute. But the answer is conclusive. The duties to be discharged by the assignor, and the liabilities by him to be borne, he cannot assign. Nor has the second position of the learned counsel escaped our attention, that it must be taken on this demurrer that the transaction resulted in net profits beyond controversy, and that, therefore, the respondent has no interest in having the assignor made a party to the bill. If that were the fact, it would be difficult to escape the conclusion. But on looking into the bill we do not find such to be the statement; but that, in substance, the bill after alleging that the defendant has received notes and mortgages, and

moneys, as stated in detail in the bill and exhibits, avers that " the said Lobdell has received as aforesaid the full amount of all the sums advanced by him as aforesaid, and of all costs, expenses, and disbursements, and that the amount of the net profits arising out of the sale and disposal of said estate, and of said joint adventure in business, is, as your orator is informed and believes, $7,600." It is only by charging the respondent absolutely with the amount of the notes and mortgages as money, that this balance of net profits is found. And the bill does not aver that the respondent ever agreed to receive them as cash, nor allege any facts tending to show that he ought to be charged with them as such.

Being of opinion that the assignor, William H. Montague, should be made a party to the bill, we have not found it necessary to decide upon the demurrer *ore tenus.*

<div align="right">

*Demurrer sustained.*